UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:06-CR-20592-GAYLES

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

v.

**MARIO BACHILLER,**

   **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Mario Bachiller's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), Supplemental Motion, and Motion to Show the Court Defendant's Certificate of Graduation (collectively the "Motions"). [ECF Nos. 448, 473, and 475]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the following reasons, Defendant's Motions are denied.

### BACKGROUND

Defendant Mario Bachiller ("Defendant") is currently incarcerated at the Coleman Medium FCI ("FCI Coleman") in Sumterville, Florida. At trial, a jury convicted Defendant for (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C § 846; (2) attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; (3) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a)(1); (4) attempt to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) and (2); (5) possession of a firearm in furtherance of a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (6) possession of a firearm while

a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1)(A). [ECF No. 290]. Defendant's convictions were based on his participation in a conspiracy to rob a shipment of cocaine with firearms while dressed as law enforcement officers. *See* [ECF No. 205-1]; [PSR ¶ 19]. A presentence investigation report was prepared, which noted Defendant's prior felony convictions for burglary, battery on a law enforcement officer, aggravated assault with a deadly weapon, aggravated stalking, and cocaine trafficking. *See* [PSR ¶¶ 43, 55, 61, 62]. On November 6, 2007, then-United States District Judge Adalberto Jordan sentenced Defendant to a total of life imprisonment. [ECF Nos. 290, 294].

In 2021, Defendant filed a compassionate release request with the Warden at FCI Coleman. On May 29, 2021, the Warden denied Defendant's request for compassionate release finding that Defendant's medical conditions were not debilitating. [ECF No. 448]. Defendant now asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues that (1) his medical conditions of hemorrhoids, arthropathy, swelling limb, anemia, disease of the digestive system, seborrheic dermatitis, and rash/skin eruptions, (2) changes in the law, and (3) his record of rehabilitation constitute extraordinary and compelling reasons for granting the Motions.[1] *Id*.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

---

[1] Defendant also argues that the government's use of a reverse-sting operation to arrest him violated his due process rights. However, the constitutional validity of an arrest and prosecution are not considered in the analysis for a compassionate release motion. *See United States v. Otoupal*, No. 20-13226, 2021 WL 4438748, at * 5 (11th Cir. Sep. 28, 2021) (holding that challenges to the validity of a conviction are "beyond the scope of § 3582."); *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023) (holding that a compassionate release motion is not the proper vehicle to raise collateral challenges to a conviction); *United States v. Candelaria*, No. 15-cr-20165, 2022 WL 138476, at *2 n.2 (S.D. Fla. Jan. 13, 2022).

>upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018). If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community. . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, to grant the Motions, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) factors support Defendant's compassionate release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

It is undisputed that Defendant exhausted his administrative remedies prior to filing the Motions. The Court denies Defendant's Motions on the merits because (1) the § 3553(a) factors do not support his compassionate release, (2) he fails to demonstrate extraordinary and compelling reasons that warrant his request, and (3) he is a danger to the safety of other persons or the community.

### A. Section 3553(a) Factors

The Court finds that the Section 3553(a) factors do not support Defendant's compassionate release. Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. §3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

Defendant's convictions in this case are based on his participation in a conspiracy to commit an armed robbery. In addition, Defendant has a lengthy criminal history, including felony convictions for multiple drug offenses, battery on a law enforcement officer, and aggravated assault with a deadly weapon. [PSR ¶¶ 1, 51, 54, 55, 57, 58, 62]. Based on this record, Judge Jordan sentenced him to the statutory maximum of life imprisonment. [ECF No. 290]. Given Defendant's criminal history and the nature of his most recent offenses, a compassionate release would not reflect the seriousness of the offenses, act as a deterrence, or promote respect for the law. Accordingly, based on the Section 3553(a) factors, compassionate release is not warranted.

### B. Extraordinary and Compelling Reasons

Additionally, Defendant fails to present extraordinary and compelling reasons for reducing his sentence.

### 1. Medical Reasons

Though undefined in 18 U.S.C. § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include the medical circumstances of the defendant if the defendant is:

> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13(b)(1)(B).

Here, the record reflects that Defendant suffers from hemorrhoids, arthropathy, a swollen limb, anemia, disease of the digestive system, seborrheic dermatitis, and rash/skin eruptions. [ECF No. 448]. These conditions do not justify Defendant's release. Under the governing policy statement, the only medical conditions that rise to the level of extraordinary and compelling are terminal illnesses and conditions that substantially diminish the defendant's ability to provide self-care in prison. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (holding that defendant's medical conditions were manageable in prison, despite the existence of the COVID-19 pandemic). None of Defendant's conditions are terminal, and Defendant fails to establish that these are serious physical conditions that have substantially diminished his ability to provide self-care within a correctional facility.

Defendant argues that his chronic illnesses have compromised his immune system and that his compromised immune system and COVID-19 put him at risk of very serious complications or fatality. However, the record shows that Defendant received two Pfizer vaccine doses as of May 25, 2021, and refused a booster shot on January 13, 2022. [ECF 457]. Courts consistently hold that

an inmate's refusal to get a COVID-19 vaccination negates a claim that the inmate's risk of serious illness is an extraordinary and compelling reason for a reduced sentence. *See United States v. Kurbatov*, No. 18-CR-20172, 2021 WL 1923289, at *3 (S.D. Fla. May 13, 2021). Accordingly, Defendant's medical conditions do not constitute extraordinary and compelling reasons for his early release.

### 2. *Concepcion* Claim

Defendant also asks this Court to find that intervening changes in the law constitute an extraordinary and compelling reason for his release, citing to *United States v. Concepcion*, 597 U.S. 481, 495-500 (2022). [ECF No. 473]. *Concepcion*, however, has no application here as the Court "is limited to the Commission's definition of extraordinary and compelling reasons found in [§] 1B1.13." *United States v. Williams*, No. 22-13150, 2023 WL 4234185, at *3 (11th Cir. June 28, 2023) (internal quotation omitted).

### 3. Rehabilitation

Finally, Defendant asks the Court to consider his rehabilitation an extraordinary and compelling reason for compassionate release. The Sentencing Commission's policy statement does not consider rehabilitation, without more, an extraordinary and compelling reason for compassionate release. *See United States v. Guyton*, 859 F. App'x. 435, 437 (11th Cir. 2021) (holding that "[a] defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement."). Accordingly, Defendant's record of rehabilitation does not provide an extraordinary and compelling reason for his release.

### C. Danger to the Community

The Court also finds that Defendant is a danger to the safety of other persons and to the community. In making this determination, the Court considered (1) "the nature and circumstances

of the offense charged"; (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics" of Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g).

Defendant's convictions in this case are based on his participation in a conspiracy to commit armed robbery. [PSR ¶¶ 5-19]. Moreover, Defendant is a career offender whose criminal history includes aggravated assault with a deadly weapon, battery on a law enforcement officer, aggravated stalking, and carrying a concealed weapon [PSR ¶¶ 43, 55, 61, 62]. Based on this criminal history, the Court finds that Defendant remains a danger to the community such that compassionate release is not warranted.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Mario Bachiller's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), Supplemental Motion, and Motion to Show the Court Defendant's Certificate of Graduation, [ECF Nos. 448, 473, and 475], are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Wednesday, July 03, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE